UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MAZEN MOHAMMAD SHWEIKA,

                Plaintiff,                         Case No. 09-11781-BC
                                                                        Honorable Thomas L. Ludington
v.

DEPARTMENT OF HOMELAND
SECURITY AND DISTRICT DIRECTOR
OF THE UNITED STATES CITIZENSHIP
AND IMMIGRATION SERVICE,

                Defendants.
_____/

## ORDER GRANTING GOVERNMENT'S MOTION TO STAY DISCOVERY AND GRANTING IN PART DENYING IN PART MOTION TO DISMISS

Plaintiff Mazen Mohammad Shweika filed an application for naturalization on April 28, 2004. Pl.'s Cmpl. ¶ 6. The application was denied on May 29, 2008, based on a determination by the U.S. Citizenship and Immigration Service ("USCIS") that Plaintiff lacked the requisite "good moral character" for naturalization. *Id.* ¶ 10. The four-year delay in the application process was apparently the result of a lengthy wait for the Federal Bureau of Investigation to complete a background check, and the inability of the Plaintiff or the government to locate a certified copy of a 1999 arrest record. *See Shweika v. Cannon*, No. 07-10870-BC (E.D. Mich. Feb. 29, 2008) (unpublished). Indeed, the delay led Plaintiff to file an earlier suit in this Court, seeking an order directing the USCIS to review his application. *Id.* The USCIS did not resolve the issue until one day before the deadline set by this Court in that case. *Id.*

Plaintiff filed the instant action on May 8, 2009, seeking a writ of mandamus compelling the Defendants to hold a review hearing, as provided by 8 U.S.C. § 1447(a), or in the alternative, de

novo review of his application by the Court pursuant to 8 U.S.C. § 1421(c). Now before the Court are Defendants' motions to dismiss and to stay discovery. The Defendants contend that the requested hearing is scheduled for February 11, 2010, and that the proceedings in this Court are premature because Plaintiff has not exhausted his administrative remedies. For the reasons stated below, the motion to dismiss will be granted in part and denied in part, and the proceedings will be stayed pending resolution of the administrative hearing scheduled for February 11, 2010.

On May 29, 2009, the day before the Court-imposed deadline, the USCIS denied Plaintiff's application for naturalization on the grounds that he lacked the requisite good moral character. According to Defendants, the adverse decision was the result of Plaintiff's inability to provide the USCIS with a "certified disposition" of an arrest that occurred in Virginia in 1999. Pl.'s Cmpl. ¶ 7; [Dkt. # 1]; Decl. of Douglas Pierce ¶ 8; [Dkt. # 13-A]. Plaintiff submitted a photocopy of the arrest record, but could not provide a "certified copy" because he was acquitted of the charges, and records relating to the case were expunged. Pl.'s Cmpl. ¶ 8. Plaintiff filed a timely form N-336, seeking a hearing to review the adverse naturalization decision. *Id.* ¶ 10. However, the form N-336 was not immediately processed because it did not include the requisite proof of payment of the filing fee and notice of appearance by Plaintiff's counsel. Defs.' Mot. at 2; [Dkt. # 15].

On August 5, 2009, Plaintiff's counsel submitted the proof of filing fee and notice of appearance. *Id.* On September 10, 2009, the USCIS requested more information, specifically information about Plaintiff's contacts with foreign governments, history of travel to other countries, military service, copies of foreign visas, tax documents, a list of organizational and business affiliations, and a list of employment activity. [Dkt. # 13-D]. On September 11, 2009, the USCIS scheduled the review hearing for November 17, 2009. On October 7, 2009, Plaintiff responded to

2

the request for more information, contending once again that a certified copy of the Virginia arrest record was not available. He further asserted "**All Relevant & Obtainable Evidence is currently in your file.**" *Id.* (emphasis in original). The record does not indicate if or when Plaintiff provided the requested information.

The November 17, 2009 review hearing was not conducted as scheduled because the hearing officer experienced an unexpected illness. The hearing is currently scheduled for February 11, 2010. In his complaint, Plaintiff seeks a writ of mandamus directing the USCIS to hold the review hearing without dely, or in the alternative, for this Court to review his naturalization application. Defendants' motion to dismiss contends that this Court does not have jurisdiction to review the application for naturalization because Plaintiff has not exhausted his administrative remedies, and that mandamus relief is not warranted. Plaintiff did not respond to the Defendants' motion to dismiss or the motion to stay discovery.

This Court's jurisdiction to review the denial of an application for naturalization does not arise until an applicant has exhausted all of the available administrative remedies. 8 U.S.C. § 1421. Among the administrative remedies that must be exhausted is the hearing before an immigration officer provided for in 8 U.S.C. § 1447(a). 8 U.S.C. § 1421(c). Plaintiff admits in his complaint that the § 1447(a) hearing has not occurred. Pl.'s Cmpl. ¶ 11. Indeed, he has asked the Court to order the hearing to take place without delay. The Court, however, cannot review the application until the hearing has been completed.

Moreover, the § 1447(a) hearing is scheduled for February 11, 2010. Consequently, mandamus relief is unnecessary. It is understandable that Plaintiff is anxious for the hearing to take place—more than five years have passed since his application for naturalization was submitted.

Additionally, more than eighteen months have passed since Plaintiff requested the § 1447(a) hearing by submitting a form N-336. According to USCIS regulations, the hearing should have taken place within 180 days of the request. 8 C.F.R. § 336.2(b). The USCIS has, admittedly, not complied with that deadline. Defs.' Mot. at 3; [Dkt. # 15]. However, it is not clear that the 180-day deadline is a firm, nondiscretionary mandate, rather than an intra-agency goal. The Mandamus Act is only available to enforce mandatory duties. *See Xu v. Chertoff*, No. 06-CV-15398, 2007 WL 2221401 (E.D. Mich. July 31, 2007) (citing *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 692 (1978); *Your Home Visiting Nurse Svcs., Inc. v. Sec'y of Health & Human Servs.*, 132 F.3d 1135, 1141 (6th Cir. 1997)). To be clear, the duty to process the application and conduct the hearing is not discretionary; only timing is discretionary. At some point, unreasonable delay may warrant mandamus relief, but that point has not been reached here.

Nevertheless, given the substantial delays that have occurred in this case and the approaching administrative hearing, it is not necessary to dismiss Plaintiff's complaint entirely. Following next week's hearing, Plaintiff's naturalization application will be ready for review by this Court. 8 U.S.C. § 1421(c). Consequently, discovery will be stayed until completion of the hearing. At that time, Plaintiff will be directed to file a motion to reopen discovery or, in the alternative, a stipulation of dismissal if the results of the hearing are favorable. A motion to reopen discovery should describe the results of the administrative hearing and explain the need for additional discovery.

Accordingly, it is **ORDERED** that Defendants' amended motion to dismiss [Dkt. # 13 & 15] is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's complaint is dismissed to the extent it seeks mandamus relief, but will be permitted to the extent it seeks de novo review of his naturalization application. 8 U.S.C. § 1421(c).

It is further **ORDERED** that Defendant's motion to stay discovery [Dkt. # 14] is **GRANTED**. Discovery will be stayed pending resolution of the § 1447(a) hearing.

It is further **ORDERED** that Plaintiff is **DIRECTED** to file a motion to reopen discovery or, in the alternative, a stipulation and proposed order of dismissal, on or before **March 31, 2010**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: February 9, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 9, 2010.

s/Tracy A. Jacobs  
TRACY A. JACOBS