UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MAZEN SHWEIKA,

        Plaintiff,                       Case No. 09-cv-11781

v.                                         Honorable Thomas L. Ludington

DEPARTMENT OF HOMELAND SECURITY and
UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICE,

        Defendants.

_____/

**ORDER HOLDING MOTIONS FOR ATTORNEY FEES IN ABEYANCE**

Mazen Mohammad Shweika originally filed his petition for naturalization with the Department of Homeland Security's (DHS) United States Citizenship and Immigration Service (USCIS) on April 28, 2004. Because USCIS did not address Skweika's petition within three years, he filed a mandamus action in this Court. In 2008, the Court remanded to USCIS for a decision. *Shweika v. Cannon*, No. 1:07-cv-10870 (E.D. Mich. 2008). On May 29, 2008, USCIS denied Shweika's naturalization petition, concluding that he lacked the requisite "good moral character." Shweika then sought administrative review of that decision. Ten months passed without USCIS taking action on that request. Finally, Shweika filed this suit seeking a writ of mandamus directing UNCIS to conduct the review hearing or, alternatively, a de novo review of Shweika's application pursuant to 8 U.S.C. § 1421(c). A bench trial was held where Shweika was found to have the sufficient "good moral character" to naturalize, but the suit was dismissed after the Court concluded that it did not possess jurisdiction. Upon review, the Sixth Circuit determined that jurisdiction was present. Eventually, an order was issued which granted Shweika's application for

naturalization and directed briefing on costs and fees. ECF No. 76. Schweika's attorney then filed a motion for attorney fees. ECF No. 78.

The Government twice sought extensions of time to respond to the motion for attorney fees, representing that it was exploring whether to contest the motion. ECF Nos. 80, 82. On April 30, 2017, the Government filed a response indicating that the parties had reached agreement regarding payment of attorney fees and thus would not be opposing the motion. ECF No. 84. In email correspondence during the next several months, Schweika's counsel represented to the Court that he would withdraw the motion for attorney fees once the check from the Government had been received.

On October 13, 2017, Schweika filed a motion for an order compelling the Government to pay attorney fees. ECF No. 85. Schweika explained that the attorney fees payment had not yet been received and requested an order compelling the Government to pay the agreed upon amount. On October 18, 2017, the Government filed a response indicating that an administrative oversight had resulted in the payment not being processed, but that the procedure to commence payment had now begun. ECF No. 88. The Government further indicated that "although payments are typically processed within 30 days, processing can sometimes take 60 to 90 days due to internal processing delays, or delays attributable to outside financial institutions." *Id.* at 2. The Government asked that the Court stay Schweika's motion for 90 days. Schweika has not filed a reply to the Government's response. Because it appears that payment is now being processed and because a Court order compelling payment seems unlikely to expedite the process, the Court will hold Schweika's motions for payment of attorney fees in abeyance. If Schweika does not timely receive payment or believes that further relief is necessary, the Court will entertain further requests.[1]

---

[1] Given the history of unexplained delays by the Government in this suit, further delays would require significant justification.

- 3 -

Accordingly, it is **ORDERED** that Plaintiff Schweika's motions for attorney fees, ECF Nos. 78, 85, are held in **ABEYANCE.**

Dated: November 13, 2017                    s/Thomas L. Ludington
                                            THOMAS L. LUDINGTON
                                            United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 13, 2017.

                              s/Kelly Winslow
                              KELLY WINSLOW, Case Manager